IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>Plaintiff,<br><br>v.<br><br>AXIOM STAFFING GROUP OF VIRGINIA, INC.<br>1580 Wesel Blvd., #E,<br>Hagerstown, MD 21740<br><br>and<br><br>AXIOM STAFFING GROUP, INC.,<br>11660 Alpharetta Hwy, Suite 760<br>Roswell, GA 30076<br><br>Defendants. | Civil Action No.<br><br><br><br><u>COMPLAINT</u><br><br><br><u>JURY TRIAL DEMAND</u> |

<u>NATURE OF THE ACTION</u>

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Deborah S. Reynolds, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendants Axiom Staffing Group, Inc., and Axiom Staffing Group of Virginia, Inc., (hereinafter "Defendants") unlawfully discriminated against Reynolds by denying her employment on the basis of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Axiom Staffing Group, Inc., has been a Georgia corporation headquartered in Roswell, Georgia, has had at least 15 employees, and has conducted business in, among many states, the State of Maryland.

5. At all relevant times, Defendant, Axiom Staffing Group of Virginia, Inc has been a Georgia corporation headquartered in Roswell, Georgia, has had at least 15 employees, and conducted business in, among many states, the State of Maryland.

6. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. §

12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

7. At all relevant times, Defendant, Axiom Staffing Group, Inc., and Defendant, Axiom Staffing Group of Virginia, Inc., have operated as a single employer - within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7) which incorporates by reference Section 701(b) of Title VII, 42 U.S.C. § 2000e(b) - and in this regard have maintained interrelated operations; common management; centralized control of labor relations and personnel; and common ownership and financial control.

8. At all relevant times, Defendants have been covered entities within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 1211(2).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Deborah Reynolds filed a charge with the Commission alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. At all relevant times, Deborah Reynolds has been a qualified individual with a disability as defined by the statute.

11. Deborah Reynolds has suffered from numerous back impairments including scoliosis, flat back syndrome, arthritis of her hips and spine, and degenerative disc disease. She has undergone at least two surgeries to insert and later remove a rod in her spine. These surgeries resulted in her being at one time substantially limited in one or more major life activities.

12. On or about June 29, 2006, Reynolds sought employment in a clerical/customer service position with Defendants. During the course of her interview with Defendants, Reynolds

disclosed that she had left her prior employment because the three hour commute was aggravating her back impairment. Upon such disclosure, Defendants' agent declared that Reynolds would be "too much of a liability because of her back." The agent further elaborated that Defendants would not hire anyone with health problems because it "would be burdensome to replace them should something happen." Although Reynolds reiterated that she could perform clerical and customer service functions, as she had for years, without trouble, Defendants' agent stated that Defendants would not hire her "because of her back."

13. In or around August or September 2006, after seeing a job advertisement posted by Defendants for a customer service phone representative, Reynolds called Defendants to inquire about the position. After some delay in finding the Reynolds' prior employment application, Defendants' agent informed her that a record in her file indicated that she could not be hired because of her "back ailment."

14. Beginning on approximately June 29, 2006, Defendants engaged in unlawful employment practices at its Hagerstown, Maryland, branch, in violation of Sections 102(a) of Title I of the ADA. Such practices include denying Deborah Reynolds employment in any position because of her record of disabilities and because Defendants regarded her as disabled.

15. The effect of the practices complained of above has been to deprive Deborah Reynolds, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Deborah Reynolds.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of a disability;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices;

D. Order Defendants to make whole Deborah Reynolds by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

E. Order Defendants to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

F. Order Defendants to pay Deborah Reynolds punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability in the workplace;

G. Grant such further relief as the Court deems necessary and proper; and

H.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                          Respectfully submitted,

                          JAMES L. LEE
                          Deputy General Counsel

                          GWENDOLYN YOUNG REAMS
                          Associate General Counsel

                          DEBRA M. LAWRENCE
                          Regional Attorney (Acting)

                          */s/ Maria Salacuse*
                          MARIA SALACUSE
                          Supervisory Trial Attorney
                          EQUAL EMPLOYMENT
                          OPPORTUNITY COMMISSION
                          10 S. Howard Street, 3rd Floor
                          Baltimore, Maryland 21201
                          (410) 209-2733 (phone)
                          (410) 962-4270 (fax)